UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATEI TOMOIAGE, individually, and as Special Administrator of Matei Tomoiage, Jr., Deceased and Dyana Tomoiage, Deceased, and ALINA TOMOIAGE, individually, and as Special Administrator of Matei Tomoiage, Jr., Deceased and Dyana Tomoiage, Deceased, and as Mother and Next Friend of CARINA TOMOIAGE, a minor,<br><br>    Plaintiffs,<br><br>        v.<br><br>NEWTON XPRESS, LLC, MARTIN TRANSPORTATION SYSTEMS, INC. and JAVIER MATUTE,<br><br>    Defendants. | Case No. 14-cv-330-JPG- |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by the defendant Javier Matute:

1. **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal fails to allege the citizenships of each member of defendant Newton Xpress, LLC.

2. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Notice of Removal alleges the state of incorporation of defendant Martin Transportation Systems, Inc. but not the state of its principal place of business.

3. **Failure to allege citizenship at relevant time.** In a case removed to federal court, diversity must exist at the time the case is removed. *Tylka v. Gerber Prods, Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Parties must allege citizenship as of the date of removal. The Notice of Removal alleges citizenship of defendant Martin Transportation Systems, Inc. at the time of the alleged incident but not at the time of removal.

4. **Failure to allege the citizenship of infant or incompetent party.** A complaint asserting diversity jurisdiction must allege citizenship, not merely residence. 28 U.S.C. § 1332(a)(1); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Where a suit is brought on behalf of an infant or incompetent, the citizenship of the legal representative shall be deemed to be the citizenship of the infant or incompetent. 28 U.S.C. § 1332(c)(2). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Notice of Removal does not allege the citizenship of plaintiff Carina Tomoiage.

5. **Failure to allege the citizenship of decedent.** Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). The plaintiffs' complaint does not allege the citizenship of plaintiffs' decedents, Matei Tomoiage, Jr. and Dyana Tomoiage, prior to their deaths.

6. **Jurisdictional allegations are made "on information and belief."** "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n. 1 (S.D. Ill. 2006) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). The Notice of Removal alleges the plaintiffs' citizenship upon information and belief.

The Court hereby **ORDERS** that defendant Matute shall have up to and including **June 30, 2014,** to amend the faulty pleading to correct the jurisdictional defects. *See* 28 U.S.C. § 1653.

Failure to amend the faulty pleading may result in remand of this case for lack of subject matter

jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendant Matute is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: June 12, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**